■ In the Matter of the Claim of REXINE BREESON, Respondent, v. S. KLEIN DEPARTMENT STORES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which awarded death benefits. Decedent, 26 years old, after a period of five and one-half months unemployment, was hired by the appellant-employer

on August 27, 1962 as a manager of one of its phonograph record departments. After working in the Manhattan store for one week at regular hours, decedent was assigned to manage a record department of a soon to open branch store and for the next two weeks he worked each day, leaving home at about 7:30 each morning and returning about 10:45 in the evening. He had no time off and on only two occasions did he work shorter hours. On Sunday, September 16, 1962, the day before the store's grand opening, the decedent left for work about 6:30 in the morning and did not return until 3:30 on Monday morning. Upon his return home his face was flushed, his eyes bloodshot and he appeared exhausted. He slept in his clothes and then left for work again about 6:30 A.M. Decedent worked all day at the store opening and about 5:30 P.M. was found unconscious in the stockroom of the record department. He was hospitalized and died the following day as a result of a ruptured cerebral aneurysm. Claimant's widow testified that decedent was upset in preparing for the opening because certain fixtures had not arrived, he was not getting adequate help and he was apprehensive whether or not he could hold the job. The board found that the physical stress of setting up the new department and the long working hours constituted arduous work requiring more than normal exertion for an ordinary man and the emotional strain connected with the uncertainties of the opening and the anxiety about the job constituted greater strain than all workers normally encounter in their daily work and that said physical stress and emotional strain were sufficient to warrant a finding of accidental injury. Appellants question whether there is substantial evidence to support a finding that the decedent suffered an accident arising out of and in the course of employment. This argument is predicated, in part, upon the contention that the hearsay testimony of the claimant's widow as to emotional stress is not corroborated. We cannot say as a matter of law that the surrounding circumstances and the testimony of decedent's coemployees do not substantiate the board's conclusion (*Matter of Rambold* v. *Whitney,* 4 A D 2d 906, mot. for lv. to app. den. 4 N Y 2d 673; *Matter of Filleul* v. *Manufacturers Trust Co.,* 2 A D 2d 784). A review of the entire record before us contains sufficient evidence to sustain a finding of industrial accident (*Matter of Schechter* v. *State Ins. Fund,* 6 N Y 2d 506). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson. P. J., Herlihy, Reynolds and Taylor, JJ.; concur.